IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. MARSHALL DeWAYNE WILLIAMS, | X X X X X | |
| Plaintiff, | X X | |
| vs. | X | No. 05-2176-B/V |
| AMERICAN CORRECTIONAL ASSOCIATION, et al., | X X X X | |
| Defendants. | X X X | |

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

Plaintiff Marshall DeWayne Williams, Bureau of Prisons inmate registration number 14130-077, an inmate at the Federal Correctional Institution in Memphis, filed a pro se action on behalf of the United States pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq., on March 3, 2005. On March 31, 2005, plaintiff filed a motion seeking appointment of counsel. The Court issued an order on May 26, 2005 that, inter alia, dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and assessed a strike. Judgment was entered on June 2,

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 11-2-05

2005. On June 8, 2005, the plaintiff filed a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b).[1]

Federal Rule of Civil Procedure 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for numbers (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993). Moreover, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by

---

[1] Although the plaintiff also invokes Fed. R. Civ. P. 52(b), that rule is plainly inapplicable as the matter was not tried upon the facts without a jury. For reasons that are not clear, the plaintiff has not characterized his filing as a Rule 59(e) motion. He would not be entitled to relief under that provision for the same reasons he is not entitled to relief under Rule 60(b).

2

presenting new explanations, legal theories, or proof." Jinks v. AlliedSignal, Inc., 250 F.3d 381, 384 (6th Cir. 2001).

Although Marshall relies on Rule 60(b)(6), the Sixth Circuit has repeatedly emphasized that relief pursuant to that provision is rarely appropriate:

> [R]elief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." Waifersong Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992). This is especially true in an application of subsection (6) of Rule 60(b), which applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990); see also Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863-64 . . . (1988). This is because "almost every conceivable ground for relief is covered" under the other subsections of Rule 60(b). Olle, 910 F.2d at 365; see also Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989). Consequently, courts must apply Rule 60(b)(6) relief only in "unusual and extreme situations where principles of equity *mandate* relief." Olle, 910 F.2d at 365.

Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001) (emphasis in original).

In this case, Marshall does not present any substantive argument why the dismissal of his case was contrary to law. Instead, he asserts that dismissal is a "harsh sanction" that should be imposed only as a last resort. However, the complaint was not dismissed in order to sanction the plaintiff for misconduct. Dismissal of a complaint prior to service on the defendants is expressly contemplated by 28 U.S.C. §§ 1915(e)(2) and 1915A. Moreover, although Marshall also contends he should have been

3

afforded an opportunity to amend his complaint to cure any deficiencies, he has not submitted any proposed amendment. More fundamentally, prisoners may not amend their complaints to avoid dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997); see also Baxter v. Rose, 305 F.3d 386, 388 (6th Cir. 2003) (prisoner who fails adequately to allege exhaustion may not amend his complaint to avoid sua sponte dismissal).

Accordingly, the Court DENIES plaintiff's motion for reconsideration.

IT IS SO ORDERED this 31st day of October, 2005.

_____
J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 8 in case 2:05-CV-02176 was distributed by fax, mail, or direct printing on November 2, 2005 to the parties listed.

---

Marshall DeWayne Williams
FCI-MEMPHIS
14130-077
P.O. Box 34550
Memphis, TN 38184--055

Honorable J. Breen
US DISTRICT COURT